EDWINA E. DOWELL, #149059
Assistant U.S. Trustee
NANETTE DUMAS, #148261
JOHN S. WESOLOWSKI, #127007
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for Sara L. Kistler
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 07-53563 ASW |
| INTEGRATED PACKAGING ASSEMBLY CORPORATION, dba IPAC, | Chapter 11 |
| Debtor. | Date: June 26, 2008<br>Time: 2:15 p.m.<br>Place: Courtroom 3020 |

### REPLY TO OPPOSITION TO MOTION BY UNITED STATES TRUSTEE TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

      The UST filed a motion to convert this case because of compelling circumstantial evidence that the above-captioned debtor (the "Debtor") may have made an unauthorized post-petition transfer of substantially all of its assets to an insider, and in so doing the Debtor may have perpetrated a fraud on the Court by asserting that the transfer was made long before the chapter 11 case was ever filed. Alternatively, the Debtor's responsible individual, Victor Batinovich, may have been so profoundly confused about the Debtor's business and financial affairs that he made a number of staggeringly erroneous statements under oath, first in his sworn declaration filed with the Court, then in the Debtor's original schedules and Statement of Financial Affairs (which he signed under penalty of perjury), and again in his live testimony under oath at the Debtor's initial 341 meeting. Either way, the problems with this case are

sufficiently serious that they cannot be rectified as long as Mr. Batinovich remains in control of the Debtor.

In its opposition brief the Debtor has attempted to re-frame the central issue in the UST's motion as a desire by the UST to conduct an investigation regarding some fairly minor differences in the valuation of the Debtor's assets (purchased by the Debtor in 2003 for $1 million, valued on the Debtor's 2003 tax return at $1.2 million, valued on the Debtor's 2004 tax return at $1.1 million, valued on the Debtor's 2005 tax return at $1.1 million, and allegedly "sold" by the Debtor in 2006 to insider i2a for $1.3 million). Nothing could be further from the truth. The UST's motion is premised on the need to investigate Mr. Batinovich's blatantly contradictory versions of the facts to determine whether or not a chapter 7 trustee can recover the Debtor's transferred assets for the benefit of creditors. If it turns out that Mr. Batinovich was simply confused at the outset of the case and that there are no grounds to set aside the transfer of the Debtor's assets to i2a, then a trustee can analyze whether the Debtor's remaining "assets" (i.e., its scheduled claims and counterclaims against its own creditors) have any intrinsic value. If the chapter 7 trustee determines that the Debtor is a mere empty corporate shell and that the estate does not have the financial resources to pursue the litigation, Mr. Batinovich is always free to purchase the rights to the litigation from the estate, just as he is free to purchase the *unscheduled* goodwill associated with the Debtor's name, which he now apparently wants to do. No matter which way it plays out, the Debtor's creditors will be far better off if the case is converted.[1]

---

[1] Just to clarify the record, the UST had highlighted the differences in the Debtor's various valuations of its own assets, ranging from $1 million to $1.3 million over a three year period, in order to contrast those valuations, on the one hand, with the **$10 - $15 million valuation** that Mr. Batinovich had assigned to the Debtor's assets in his declaration filed with the Court on November 8, 2007. Mr. Batinovich assigned what appears to be a grossly inflated value to the Debtor's assets only a few months after the Debtor had filed a tax return in which the Debtor's assets were valued at $1,128,972. Mr. Batinovich later admitted at his Rule 2004 exam that he had pulled the anomalous $10 - $15 million valuation of the Debtor's assets "out of the air."

Reply To Opposition To Motion By UST To
Convert Chapter 11 Case To Chapter 7

The Debtor has proposed the appointment of an examiner in lieu of conversion of the case to chapter 7. However, according to the Debtor's current version of the facts, there is no money in the estate to pay an examiner. <u>See</u> Debtor's Amended Schedule B, filed January 25, 2008. Moreover, according to the Rule 2016(b) statement of Debtor's counsel filed on the same date, Mr. Batinovich and i2a were the source of the funds for the Debtor's counsel's $45,000 retainer. Would Mr. Batinovich and i2a also finance the examiner's investigation of the transfer of the assets of the Debtor (an entity wholly controlled by Mr. Batinovich) to i2a (an entity also wholly controlled by Mr. Batinovich)?[2] Such an investigation would be so fundamentally tainted as to be meaningless.

Based on the foregoing, the UST requests the Court to grant the UST's motion to convert this case to chapter 7.

Dated: June 23, 2008    Respectfully submitted,

By: /s/ Nanette Dumas
Nanette Dumas
Attorney for United States Trustee

---

[2] For that matter, does the fact that Mr. Batinovich and i2a funded the Debtor's counsel's retainer in this case create a disqualifying material interest adverse to the estate on the part of Debtor's counsel? That is a subject for another day.

Reply To Opposition To Motion By UST To
Convert Chapter 11 Case To Chapter 7