JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: rfranklin@murraylaw.com

Attorneys for Old Oakland Road Associates, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: | Case No. 07-53563 ASW |
| INTEGRATED PACKAGING ASSEMBLY CORP DBA IPAC | Chapter 11 |
| DEBTOR(S). | Date: July 22, 2008<br>Time: 10:45 a.m.<br>Place: United States Bankruptcy Court<br>280 S. First Street, Room 3020<br>San Jose, CA 95113<br>Judge: Hon. Arthur S. Weissbrodt |

**REPLY TO OPPOSITION TO MOTIONS TO CONVERT CASE TO CHAPTER 7**

Old Oakland Road Associates, LLC ("OORA") hereby submits this Reply to the OPPOSITION TO MOTIONS TO CONVERT CASE TO CHAPTER 7 (the "Opposition") filed by the Debtor.

### I. INTRODUCTION

The Debtor's disjointed Opposition cannot defend the indefensible. Debtor's actions in knowingly submitting materially false statements under penalty of perjury and the filing of the Chapter 11 case have resulted in a gross abuse of the Chapter 11 bankruptcy process. It is clear that the Chapter 11 case was not filed for a bankruptcy purpose but as a litigation tactic. The Debtor seeks to benefit from the automatic stay without any intention on the part of the Debtor to subject its assets to the jurisdiction of the bankruptcy court so that creditors could be paid. The Debtor has not articulated any reorganization strategy beyond some vague, hearsay statement by its counsel that

RAF:pt
R:\Old Oakland Road Assoc\Pld\Conversion Mot.Reply.v3.doc
1  REPLY TO OPPOSITION TO MOTIONS TO CONVERT CASE TO CHAPTER 7

Case: 07-53563    Doc# 106    Filed: 07/17/08    Entered: 07/17/08 14:51:18    Page 1 of 5

maybe its principal will buy the Debtor's name and that it hopes it is successful in litigation. The Court should convert this case so that an independent trustee can investigate the Debtor's actions in this case and to determine whether an action against Batinovich to pierce the corporate veil and/or recover the assets transferred for no monetary consideration by the Debtor to i2a Technologies ("i2a"), a company solely owned by the Responsible Individual, should be instituted.

## II. ARGUMENT

The Opposition contends that (i) the Debtor filed the case in good faith and maintains it in good faith; (ii) no harm resulted from the misrepresentations; (iii) that the Court should consider the costs and dislocation caused by a trustee; and (iv) appointment of an examiner is a more cautious response. The Opposition is without merit and the Motion should be granted.

### A. The Case Should Be Converted Due To The Debtor's Bad Faith Actions And Deliberate Falsehoods.

The Debtor would have this Court believe that it filed the case for some legitimate reorganization purpose, contending that it was necessary to assert its "possessory" and "equitable rights" to continued occupancy of the premises; that it was "contractually obligated" to provide i2a Technologies ("i2a") with facilities and that failure to comply with such contractual obligation would expose the Debtor to potential claims and liabilities and that it was faced with multiple litigation claims. However, in seeking bankruptcy protection for the Debtor and misrepresenting the extent and value of Debtor's assets, the Debtor attempted to have the best of both worlds; the protection of the automatic stay and not having to subject its assets to the jurisdiction of the bankruptcy court for the benefit of creditors.

The Batinovich Declaration asserted that the Debtor had assets to be preserved, employees to be paid, contracts to be fulfilled and operations to be continued all of which were supposedly for the benefit of creditors and which would be lost if the bankruptcy wasn't filed. In truth and in fact, none of the foregoing was true and the Debtor's Responsible Individual knew it wasn't true when he signed the Declaration. While he apparently claims now that he was "confused", it is clear from his Rule 2004 testimony that he was desperate to avoid the eviction and knowingly made gross misrepresentations to magnify the supposed harm. For example, equipment he claimed was worth

RAF:pt
R:\Old Oak Road Assoc\Pld\Conversion\Mot.Reply.doc
2. REPLY TO OPPOSITION TO MOTIONS TO CONVERT CASE TO CHAPTER 7

Case: 07-53563    Doc# 106    Filed: 07/17/08    Entered: 07/17/08 14:51:18    Page 2 of 5

$15,000,000 based on two appraisals was later admitted by the Responsible Individual to be worth less than $1,000,000, Batinovich explaining that his earlier $15,000,000 figure was a figure he "pulled out of the air".

The Debtor initially filed schedules, signed under penalty of perjury by Batinovich, in which the Debtor scheduled, among other assets, "various" assets of "unknown" value in response to question No. 22 (patents, copyrights, and other intellectual property), question 29 (machinery, fixtures, equipment and supplies used in business), and question 30 (inventory) on Schedule B, yet it was only after the Relief From Stay Motion was resolved and Batinovich was successful in obtaining some time for the Debtor to move from the premises, that the Debtor "corrected" the record. Only at the Debtor's initial debtor interview and the continued 341 meeting, and after the hearing on the Relief From Stay Motion, did Batinovich advise the UST that the Debtor had transferred all of its assets to i2a in 2006, and that the Debtor was, in essence, an empty shell with some litigation claims of uncertain value. Subsequently, the Debtor filed an amended Schedule B changing the answers to questions 22, 29 and 30 to "none" and the value to "0".[1] In short, it is clear that the bankruptcy case was filed to forestall the eviction of a business without having to put the business in bankruptcy. The Batinovich Declaration was filed solely to facilitate this improper purpose.

The case is not maintained in good faith. The Debtor waited over 5 months to file an application to appoint its lawyer. It initially opposed OORA's efforts to obtain a Rule 2004 examination, requiring OORA to prepare and file an amended Application to respond to the Debtor's non-meritorious objections. The Debtor has failed to respond to requests made by OORA to document the loan supposedly forgiven as part of the "consideration" for the sale of the Debtor's assets to Batinovich's wholly owned corporation, i2a. (See SUPPLEMENTAL DECLARATION OF ROBERT A. FRANKLIN IN SUPPORT OF MOTION TO CONVERT, filed concurrently herewith). The Debtor has done nothing to bring in assets to satisfy the claims of creditors. It has simply "parked" itself in Chapter 11, hoping for litigation success.

Not only has the Debtor parked itself in Chapter 11, it is using the automatic stay to object to

---

[1] The Debtor still did not disclose the sale of assets to i2a in response to Question No. 10 in the Statement of Financial Affairs.

potential counterclaims filed by OORA in the state court litigation[2] seeking to pierce the corporate veil against Batinovich.

The Debtor does not deny that its Responsible Individual made material misrepresentations; its defense in this regard is that there is "no harm, no foul". First, there is harm to the integrity of the process. The Debtor cannot simply make conscious, willful and material misrepresentations to advance its own purposes at the expense of the bankruptcy process without consequence. The integrity of the system requires that parties be truthful in their statements to the court. Second, both the U.S. Trustee and creditors such as OORA have expended considerable time and effort to investigate and document these misrepresentations. Third, creditors have been and are being harmed because assets available to pay claims are presently beyond the reach of bankruptcy jurisdiction.

B. The Case Should Be Converted Because The Debtor Cannot Propose And Confirm A Plan.

The Debtor also lamely asserts next that its "plan" is dependent upon the success of the litigation and that Mr. Batinovich "may be willing" to submit an offer to purchase the Debtor's name. There is no contemplated plan. The Debtor is not even liquidating as there are no substantial assets to sell and its remaining litigation claims are speculative. Furthermore, the Debtor cannot reorganize as there is no ongoing business. Finally, the Debtor is not inclined to sue its responsible individual and i2a to recover assets. Only a trustee can do that. Therefore, conversion for cause under section 1124(b)(4)(J) is appropriate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] OORA and the Debtor stipulated to relief from stay so that the parties could proceed in state court to litigate various claims. However, OORA understands that the Debtor will object to the inclusion of a cause of action to pierce the corporate veil, claiming that cause of action belongs to the bankruptcy estate.

### III. CONCLUSION

Based on the foregoing and for the reasons set forth by the United States Trustee in her Motion, OORA respectfully requests this Court to convert the case to Chapter 7.

Dated: July 17, 2008

**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Robert A. Franklin*
    Robert A. Franklin
    Attorneys for Old Oakland Road Associates, LLC