REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235

Attorneys for Trustee,
CAROL W. WU

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 07-53563 ASW |
|---|---|
| INTEGRATED PACKAGING ASSEMBLY CORP. Dba IPAC Tax ID # 47-0929011  Debtor | Chapter 7  Hearing: August 31, 2010 Time: 2:15 p.m. Courtroom 3020, 280 South First Street San Jose, California |

**MOTION FOR TURNOVER OF BANKRUPTCY ESTATE'S FINANCIAL RECORDS INCLUDING ELECTRONIC RECORDS, CLIENT FILES BY ATTORNEYS**

TO: DEBTOR INTEGRATED PACKAGING ASSEMBLY CORP., THROUGH ITS OFFICER AND RESPONSIBLE PERSON, VICTOR A. BATINOVICH; and
TO: CAMPEAU GOODSELL SMITH L.C., attorneys for the debtor-in-possesion during the Chapter 11 Case:

Carol Wu ("Trustee"), trustee of the above referenced bankruptcy estate, moves the Court for an order requiring the Debtor herein and Victor A. Batinovich, responsible individual, and further Campeau Goodsell Smith L.C., attorneys for the debtor-in-possession, to turn over to the Trustee, forthwith and without further delay and within 30 days of the service of this motion, the financial records of Debtor including its electronic books and records, and client files held by said attorneys. The Trustee emphasizes that respondents, their agents and attorneys and accountants and persons acting in concert with them, should not tamper with the said financial records and client files, in that spoliation would be a serious issue in litigation in AP-08-5333, in which the defendants are Victor A. Batinovich and i2a Technologies.

In support of the motion, the Trustee represents as follows:

1. An Order for relief under Chapter 7 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on October 31, 2007. The case was converted to Chapter 7 on September 18, 2008, and Carol W. Wu is the duly appointed, qualified and acting trustee of the Debtor's estate.

2. Victor A. Batinovich was designated as the responsible person for Debtor pursuant to application [Docket #44] and order [Docket #55].

3. Attorney William J. Healy and the firm Campeau Goodsell Smith LC were employed as attorneys for the Debtor pursuant to order of the Court [Docket #90].

4. It is the Trustee's understanding that premises at 2221 Old Oakland Road, San Jose, California (the "San Jose Premises"), listed in Debtor's petition [Docket #1] was vacated in December of 2007. Debtor filed a Notice of Change of Address on December 11, 2007 [Docket #37] stating that its new address is 3399 West Warren Avenue, Fremont, California 94538 (the "Fremont Premises"). It is the Trustee's understanding that i2a Technologies claims to be the tenant at said Fremont Premises, and that it claims to own the operating business pursuant to a purported written sale agreement signed by Victor A. Batinovich on behalf of both buyer and seller.

5. After conversion of the Case to Chapter 7, at the examination pursuant to 11 U.S.C. §341 held on November 4, 2008 and November 18, 2008, Victor A. Batinovich was questioned about the books and records of the Debtor and testified in response that he had left the Debtor's books and records behind at the former premises almost a year earlier and that he had no knowledge of their whereabouts. [Declaration in support of this motion.] The Trustee was therefore unsuccessful in obtaining their turnover at that time.

6. It has subsequently come to the Trustee's attention from review of the record and the transcripts in the Case that from time to time after moving out of the San Jose Premises, Mr. Batinovich has produced copies of various business records of Debtor. For example, in the Supplemental Declaration of William J. Healy re: Opposition to Motions to Convert Case to Chapter 7 filed August 15, 2008 [Docket #111] that declarant enumerates on page 2 and attaches as exhibits various documents of such description. It appears also that Victor A. Batinovich

STROMSHEIM & ASSOCIATES

Case: 07-53563   Doc# 139   Filed: 07/29/10   Entered: 07/29/10 13:18:23   Page 2 of 4

2

1 | produced certain such documents at his Rule 2004, F.R.Bankr.P., examination held on April 29,
2 | 2008, as stated in the Declaration of Nanette Dumas in Support of Motion by United States
3 | Trustee to Convert Chapter 11 Case to Chapter 7 [Docket #99], page 5-6.  And this includes the
4 | purported 2006 asset sale agreement between Debtor and i2a Technologies, having not been
5 | produced at the January 16, 2008 second Section 341 meeting but instead belatedly at the April
6 | 29, 2008 Rule 2004 examination.

7. The Trustee observes from the filings made by dip counsel Campeau Goodsell Smith LC that it conducted communications with its client the Debtor, and received copies of documents from the designated responsible person on behalf of the Debtor.  The Trustee requires the client files held by said firm in order to administer the bankruptcy estate, including any and all electronic documents including without limitation emails.

8. The Trustee is entitled to turnover of property of the estate including the <u>originals</u> of Debtor's recorded information pursuant to 11 U.S.C. §521(4), and the Trustee is also entitled to cooperation from the Debtor through its representative Victor A. Batinovich.  The Trustee also holds the rights of the client Debtor to the client files of Campeau Goodsell Smith L.C. pursuant to Rule 3-700(D)(1), California Rules of Professional Conduct and hereby makes request pursuant thereto.

9. The Trustee was entitled to the turnover of property and recorded information, and cooperation from Debtor and its officer, without the expense and delay of commencing a contested matter to obtain the Court's aid.  The respondents are not entitled to wait until this matter comes on for hearing before complying with their statutory duties, nor to increase the Trustee's costs of compelling performance.  If performance is not forthcoming, the Trustee's motion hereby includes a request that the Court issue an order to show cause pursuant to 11 U.S.C. §105(a) to compel performance and compensate the estate for its expense.

10. The Trustee includes in the service of this motion the other attorneys who have represented the Debtor in litigation including but not limited to Santa Clara County Superior Court action 1-07-CV-078151 *OSE USE, Inc. versus Batinovich et al.* (the "OSE Litigation"), or who have represented the defendants in AP #08-5333 because of the likelihood that such attorneys

have come in possession of Debtor's recorded information and/or knowledge of the whereabouts of Debtor's recorded information, including without limitation as a result of the Trustee's written discovery propounded in AP #08-5333 and/or their preparation of the defendants' Initial Disclosures. The Trustee contends that the duties of the responsible individual include the duties of inquiry to any person to whom he may have transferred the Debtor's recorded information, and of exercise of any rights he may have to obtain turnover, including from attorneys and accountants.[1]

WHEREFORE, to the extent that compliance is not made by the respondents before hearing, the Trustee requests that the Court issue an order directing the Debtor and Victor A. Batinovich to produce without further delay, the property and original recorded information of the Debtor referred to above, including Debtor's recorded information in electronic form, without any spoliation thereof, and including any inventory lists and other guidance about the stored documents that may exist. And further the Trustee that the Court issue an order directing Campeau Goodsell Smith L.C. and William J. Healy to turn over their client files of their representation of the Debtor without further delay. The Trustee also requests other relief pursuant to 11 U.S.C. §105(a) the appropriateness of which will become apparent if hearing is required by respondents' noncompliance with law.

DATED: This 28th day of July, 2010.

                                              STROMSHEIM & ASSOCIATES

                                              /s/ *Linda Sorensen*
                                              Attorneys for
                                              CAROL W. WU, Trustee

---

[1] The Trustee specifically excludes from this request attorney-client communications between IPAC and D. Brad Jones or members of his firm in the course of representing IPAC <u>during 2010</u> in the OSE litigation, but otherwise does not exclude Debtor's recorded information which may have come into their possession at any time. Additionally, if the original recorded information is delivered to the Trustee then it is not necessary for copies of the same documents in the possession of various counsel other than Campeau Goodsell Smith L.C. to be delivered. The Trustee will hold Debtor's documents subject to reasonable inspection by interested parties and tender of return thereof when no longer needed.