```
CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
Campeau Goodsell Smith
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | Case No. 07-53563 ASW |
| ) | |
| INTEGRATED PACKING ASSEMBLY ) | CHAPTER 11 |
| CORPORATION, dba IPAC, ) | |
| ) | |
| Debtor. ) | Date: August 31, 2010 |
| ) | Time: 2:15 p.m. |
| ) | Place: United States Bankruptcy Court |
| ) | 280 S. First St. Room 3020 |
| ) | San Jose, CA 95113 |
| ) | |
| ) | Judge: Hon. Arthur S. Weissbrodt |
| ) | |

**DECLARATION OF WILLIAM J. HEALY RE: RESPONSE OF CAMPEAU GOODSELL SMITH TO MOTION FOR TURNOVER OF BANKRUPTCY ESTATE'S FINANCIAL RECORDS INCLUDING ELECTRONIC RECORDS, CLIENT FILES BY ATTORNEYS**

I, William J. Healy, do hereby declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and several districts and divisions of the United States District Court in the State of California, including this court. I am a member of the law firm of Campeau Goodsell Smith which served as Debtor's counsel for Debtor Integrated Packing Assembly Corporation ("IPAC" or "Debtor") until the matter was converted from Chapter 11 to Chapter 7.

2. I submit his declaration of my own personal knowledge except as to those matters upon which I am informed and believe and as to those matters I am informed and believe them to be true. If

**RESPONSE OF CAMPEAU GOODSELL SMITH TO MOTION FOR TURNOVER OF BANKRUPTCY ESTATE'S FINANCIAL RECORDS INCLUDING ELECTRONIC RECORDS, CLIENT FILES BY ATTORNEYS**

1 called to testify as to the matters stated herein I could do so in an honest and competent manner.

2 3. In or about late July or early August 2010, Campeau Goodsell Smith ("CGS") and I received and reviewed the Trustee's MOTION FOR TURNOVER OF BANKRUPTCY ESTATE'S FINANCIAL RECORDS INCLUDING ELECTRONIC RECORDS, CLIENT FILES BY ATTORNEYS ("Motion"). Due to unrelated matters CGS did not take any formal action regarding the Motion until as indicated hereinafter.

4. At no time prior to CGS's receipt of the Motion did CGS receive any request of any kind, oral or written, from the Trustee or her counsel for documents and/or files relating to the Debtor.

5. On or about August 10, 2010, I, on behalf of CGS, advised Debtor's responsible person Victor Batinovich that CGS intended to comply with the Trustee's Motion as hereinafter indicated.

6. On August 12, 2010, I, on behalf of CGS, telephoned Trustee's counsel Linda Sorensen and left a voice mail message indicating, in part, that CGS had received the Motion, intended to comply with the request by making the responsive files available for review, pick-up, and/or copying, but that CGS would not bear the expense of delivering or copy the 4-5 redwells of responsive documents.

7. On August 12, 2010, I, on behalf of CGS, sent an email to Trustee's counsel Linda Sorensen indicating, inter alia, that as stated in the prior voice mail message that CGS had received the Motion, intended to comply with the request by making the responsive files available for review, pick-up, and/or copying, that the Trustee or her counsel simply had to contact the office to make such arrangements, that CGS did not intend to and was not obligated to incur shipping/delivery/copying expenses, but will arrange to have such responsive documents shipped/delivered/copied if the costs were advanced or we were provided an appropriate account number for billing purposes. A true and correct copy of the August 13, 2010 email is attached hereto as Exhibit A.

7. The responsive documents were located in a conference room and on August 13, 2010 a CD of the electronic files was made and placed with the responsive documents.

8. On August 13, 2010, I had a telephone conversation with Trustee's counsel Linda Sorensen

wherein Ms. Sorensen acknowledged receipt of my voice mail and email, I confirmed CGS's position regarding its intention to comply with the request as stated in my voice mail and email, and Ms. Sorensen acknowledged CGS's position regarding the scope of its response to the Motion, that CGS was not obligated to incur the costs associated with shipping/delivering/copying the responsive documents, that she would provide CGS an appropriate account number for billing purposes so CGS could have the responsive documents delivered to her office, and that CGS could, if the responsive documents did not fit into a single banker's box and to expedite delivery, not include pleadings on file with this court. Ms. Sorensen indicated she would follow up with CGS after discussing matters with attorney Brad Jones.

9. As of the date of this declaration I have not received any further response from the Trustee or her counsel regarding the Motion, the voice mail message, the email, or my conversation with Ms. Sorensen.

I declare under penalty of perjury under the laws of the United States Of America that the foregoing is true and correct and executed on August 18, 2010 in San Jose.

By: /s/ William J. Healy
William J. Healy

**RESPONSE OF CAMPEAU GOODSELL SMITH TO MOTION FOR TURNOVER OF BANKRUPTCY ESTATE'S FINANCIAL RECORDS INCLUDING ELECTRONIC RECORDS, CLIENT FILES BY ATTORNEYS**

3

Case: 07-53563   Doc# 143   Filed: 08/18/10   Entered: 08/18/10 09:20:39   Page 3 of 5

# EXHIBIT A

# William J. Healy

| | |
|---|---|
| **From:** | "William J. Healy" <whealy@campeaulaw.com> |
| **To:** | "Linda Sorensen" <lsorensen@stromsheim.com> |
| **Cc:** | "Brad Jones" <BJones@nkfjlaw.com>; "Dennis D. Davis" <ddavis@gsdllaw.com>; "Victor Batinovich" <victor@ipac.com>; "William Healy" <whealy@campeaulaw.com> |
| **Sent:** | Thursday, August 12, 2010 5:46 PM |
| **Subject:** | In re Integrated Packaging Assembly Corp, USBC#07-53563 ASW |

Linda:

Pursuant to my voice mail message of earlier today we are in receipt of the Trustee's motion for turnover. In the future, we would appreciate a simple call or email as an initial request, rather than a formal motion coupled with a reference to potential sanctions and a potential order to show cause.

Nevertheless, as stated in my voice mail message we intend to comply with the request by making the responsive files available to the Trustee for review, pick-up, and/or copying. In this regard, the Trustee or your office, can simply contact our office to make such arrangements. We do not intend and are not obligated to incur shipping/delivery/copying expenses, but will arrange to have such responsive documents shipped/delivered/copied if the costs are advanced or we are provided an appropriate shipping/delivery/copying account number. As indicated in my voice mail, we have approximately 4-5 red-wells full of various responsive files most of which are on file with the court and previously produced to the UST's office and/or at the 2004 examination during the pendency of the chapter 11.

The Trustee's motion makes reference to 11 U.S.C. 521 (4) as a basis for referencing documents held by this firm as estate property and to Cal.Rules.Prof.Conduct 3-700 (D)(1) (which refers to termination of counsel) as the basis to turnover 'client files' and also recognizes that the underlying bankruptcy case was converted on September 18, 2008. Therefore, any communications between the Debtor and this office dated after the case was converted would not be considered estate property or client files subject to turnover to the Trustee. Any inclusion of such communications would be a simple oversight.

Please note, at this time we do not take any position regarding the motion's reference to production of documents by the Debtor prior to or after conversion or that such documents may be necessary to administration of the estate. At this time we also do not take any position regarding the motion's reference to production from attorney (s) who may have represented the defendants in the Trustee's adversary action against i2a Technologies, Inc. and Mr. Batinovich (AP#08-5333) because we have not represented any party in that proceeding and we assume this request does not violate any discovery limitations established by the court in that proceeding. Please also note that any such documents or files turned over to the Trustee in response to this motion must be preserved pending an order from the court.

We have copied this response to Brad Jones, Dennis Davis, and Victor Batinovich because they were served with this motion, but have not included Nanette Dumas because I can't imagine any suggestion that has any documents that are not on file with the court or you already possess.

Please advise the Trustee's or your office's intentions regarding arranging to review, pick-up, and/or copy the responsive documents.

William J. Healy, Esq.
CAMPEAU GOODSELL SMITH, L.C.
440 N. 1st St., Suite 100
San Jose, CA 95112-4024
(p) 408-295-9555
(f) 408-295-6606
(e) WHealy@campeaulaw.com